Mr. Justice Clayton
delivered the opinion of the court.
This cause was before the court at the last January term. A new trial was then granted, to give the plaintiffs in error an opportunity to’ introduce the testimony of Samuel Barrett, which they had discovered to be important, after the’ verdict had been rendered. Another trial, at which the evidence of Barrett was used, has since taken place, with the same result; another verdict and judgment in favor of the defendants in error. A motion was made for a new trial which was refused, and the cause is again brought to this court by writ of error.
The reasons urged in support of the motion are, that the verdict is contrary to law and evidence, and that the court gave wrong instructions to the jury. The evidence contained in the bill of exceptions is precisely the same, as upon the first trial, with the addition of the testimony of Barrett. He states that he was present, when the bill of exchange on which the suit is founded was drawn; that Yardeman, who is sued as one of the *198 drawers, was not present, and that his name was placed on it by a man named Russel, who is since dead. Russel, as he states, signed the bill with the name of Vardeman, at the request of Richard Compton, who was also one of the drawers, and who is now also dead. Fitch and Brown, who were the attorneys who brought the suit, both prove different conversations with Vardeman in relation to the bill, in which he did not deny his liability on it, and they state efforts which he used to induce Baker, another of the drawers, to pay it, and thereby release him. Usley, the agent of Byrne, Herman & Co. proves facts of a similar character. The whole evidence was submitted to the jury, and it was their province to decide upon it. After two concurrent verdicts, we should be very reluctant to disturb their finding, unless they were led into error, by an improper charge of the court. This brings us to the consideration of the charges.
The following instructions were asked for by the counsel of the defendants. First that unless the jury believe, from the evidence, that the defendant signed, executed and delivered the bill of exchange sued upon, either by himself or by some person by him lawfully authorized to do so for him, that he is not bound by the same, and they must find for the defendant. Secondly that even if they believe that he agreed after the said bill of exchange fell due to pay the same, that unless they also believe that the bill was executed by him or some person authorized to do so, for him, or that some consideration, passed for said promise, that he is not bound by the same. Thirdly, that if they believe, from the evidence, that the name of said defendant was signed to the said bill of exchange by B. W. Russel, at the instance and request of Richard Compton, that unless they also believe that Russel had an authority to do so from the defendant, he is not bound by it.
These instructions the court refused to ,give, except with the qualification, that “ they were to take into consideration the actings and doings of Vardeman, as detailed by the witnesses, and to give to them such weight as in their opinion they were entitled to, as tending to prove that said defendant had au *199 thorized some person to sign his name to said bill of exchange, and if they believed he had given such authority he was bound thereby.”
The first charge, in a proper state of case, is no doubt correct; / but then it is certainly the law, that a subsequent recognition of' an act done by an agent, or by one who assumes to act as such, is usually as obligatory as a previous authority. 2 Kent, 6L4. The recognition, to be binding, must be with a full knowledge on the part of the principal, of the act done, but whether the party possessed such knowledge is matter for the determination of the jury.
The second charge is nearly the same in substance with the first, and is subject to the same observations. The third varies from the others so far as to request a charge, that one agent cannot delegate his authority to another. This is a truism, but it falls equally with the others under the qualification already stated.
The addition to the instructions asked for, we regard as embodying the principle, which we have laid down to be correct. The whole conduct of Yardeman, as exhibited in the evidence, might justly go to the jury, and it was for them to decide whether he had authorized his name to be placed on the bill, or had sanctioned its use. Their conclusion might be drawn from acts and declarations which took place or were made subsequent to its execution, and the power to draw might be inferred from those acts and declarations, as well as from a previous authority. We do not therefore perceive any error in the charge, and the

Judgment is affirmed.